1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM MURPHY,                )
                               )
              Plaintiff,       )        No. C 08-2224 TEH (PR)
                               )
       v.                      )        ORDER OF DISMISSAL
                               )        WITH LEAVE TO
TILTON, et al,                 )        AMEND AND
                               )        INSTRUCTIONS TO THE
              Defendants.      )        CLERK
_____ )
                                        (Docket No. 2)

## INTRODUCTION

Plaintiff, a prisoner of the State of California, incarcerated at Pelican Bay
State Prison ("PBSP") has filed a pro se civil rights complaint under 42 U.S.C. §
1983 regarding his re-validation in 2006 as a gang member and retention in the
Security Housing Unit ("SHU") at PBSP.  Plaintiff has also filed a motion
seeking to proceed in forma pauperis (docket no. 2).  The motion is now
GRANTED in a separate order filed simultaneously.  In this order, the Court
reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismisses the
complaint with leave to amend within thirty days.

## BACKGROUND

Plaintiff Murphy has filed a 22 page complaint against twenty named
Defendants, a number of whom are not discussed in the factual section of the
complaint, alleging twenty causes of action regarding the 2006 gang validation
investigation, as a result of which Plaintiff was retained in the PBSP SHU.

However, because Plaintiff has not provided the Court with sufficient information regarding how each of the named Defendants violated his constitutional rights and does not provide simple, concise and direct allegations in support of a short and plain statement of the claims raised, the complaint must be dismissed with leave to amend.

## DISCUSSION

A.      Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Plaintiff complains about various aspects of the process by which he was "re-validated" and retained in the SHU due to gang activity.  Placement in a SHU for gang affiliation is an administrative rather than disciplinary decision. Therefore, an individual so placed is entitled to only the lesser procedural protections for administrative decisions, rather than the more generous protections under Wolff v. McDonnell, 418 U.S. 539 (1974).  See Munoz v.

2

Rowland, 104 F.3d 1096 (9th Cir. 1997).  Due process also does not require that prisons comply with their own, more generous procedures.  See Walker v. Sumner, 14 F.3d 1415, 1419-20  (9th Cir. 1994).

When prison officials initially determine whether a prisoner is to be segregated for administrative reasons and a liberty interest of real substance is implicated, due process requires that they hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons segregation is being considered, and allow the prisoner to present his views.  Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987).  Due process requires that there be some evidence to support the prison officials' decision to place an inmate in segregation for administrative reasons.  Superintendent v. Hill, 472 U.S. 445, 455 (1985).  There is some authority for the proposition that the evidence relied upon to confine an inmate to the SHU for gang affiliation must have "some indicia of reliability" to satisfy due process requirements.  See Madrid v. Gomez, 889 F.Supp. 1146, 1273-74 (N D. Cal. 1995); see also Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir. 1990), cert. denied, 502 U.S. 874 (1991).  There also must be periodic reviews of the placement.

The action cannot proceed here because Plaintiff has not provided the Court with the information necessary to determine whether a cognizable claim for relief has been stated against all of the named Defendants.  Plaintiff's complaint has several deficiencies that require an amended complaint to be filed.  First, the complaint does not comply with the requirement that the averments be "simple, concise, and direct."  Rule 8(d) requires that each averment of a pleading be "simple, concise, and direct," and may be the basis for dismissal.  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that

was "argumentative, prolix, replete with redundancy, and largely irrelevant"). The complaint here does not comply with Rule 8(d).  These are not simple, concise and direct averments, and instead the factual allegations are intertwined with legal argument and are excessively complicated.

Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."   A complaint that fails to state the specific acts of a defendant which violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  The amended complaint should comply with Rule 8 and provides a more coherent and a less verbose and argumentative recitation of the claims.

Moreover, in the section of the Court's prisoner civil rights complaint form where Plaintiff is asked to list the parties, he has included a list of twenty individuals.  However,  in the body of the complaint, he has failed to include allegations against a number of these Defendants, including Tilton, Woodford, Pliler, Bradbury, Castro, Rianda and Isola, and has not identified the names or actions of the alleged responsible individual defendants.  He has also included at least one Defendant in the factual section of the complaint, Defendant Hawkes, who is not listed as a party to the action.

In his amended complaint, Plaintiff must establish legal liability of each person for the claimed violation of his rights.  Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative

4

act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  Leer, 844 F.2d at 634.

With regard to the supervisory employees named, Plaintiff should be mindful that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff's inclusion of Directors of the California Department of Corrections and Rehabilitation on the basis that they are liable under a respondeat superior theory is insufficient.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff must state a claim against all of the individuals named in the complaint, or they will be dismissed from this action.

Plaintiff's allegations fail to specifically state what unlawful conduct is attributable to each named Defendant, but has instead listed a lengthy factual section that fails to tie the named individuals to the allegedly illegal conduct.  Without this basic information, the complaint cannot proceed.  The complaint

5

need not be long.  In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable.

Plaintiff should also state his due process claims by framing them with reference to the procedural protections discussed above, rather than with reference to Wolff protections and state regulations.  In his amended complaint, Plaintiff must state what each defendant did or failed to do that caused a violation of his right to due process, limiting his due process allegations to those protections identified in the preceding paragraph and no others.

Plaintiff should also eliminate from his amended complaint allegations of violations of orders in other court cases.  He asserts violations of an injunction in Madrid and claims that defendants violated some provision in the settlement agreement in Castillo v. Alameida, N.D. Cal. No. 94-2847 MJJ.  The settlement agreement (the existence of which the court can take judicial notice) does not provide a basis for a § 1983 claim for relief because it is not a determination that there was any constitutional violation in the active/inactive review process and, even if it did, a settlement agreement does not provide a right secured by the Constitution or laws of the United States, the violation of which is a necessary element of a § 1983 claim.   A state court order likewise does not provide a right secured by the Constitution or laws of the United States.  Also, orders and injunctions in other federal court cases do not independently provide a right secured by the Constitution or laws of the United States.  A remedial court order, standing alone, cannot serve as the basis for liability under 42 U.S.C. § 1983 because such orders do not create "rights, privileges or immunities secured by the Constitution and laws" of the United States.  Green v. McKaskle, 788 F.2d 1116, 1123-24 (5th Cir. 1986) (remedial decrees are means by which unconstitutional conditions are corrected but do not create or enlarge constitutional rights) see

also DeGidio v. Pung, 920 F.2d 525, 534-35 (8th Cir. 1990).  To the extent he wants to complain about compliance with court orders in other cases, Plaintiff must apply for relief in those cases.

Plaintiff has apparently also included as Defendants persons who did no more than fail to grant his administrative appeals.  Interests protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the states.  See Meachum v. Fano, 427 U.S. 215, 223-27 (1976).  There is no constitutional right to a jail administrative appeal or grievance system.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996).  The state of California has not created a protected interest in an administrative appeal system in prison or the county jails.  California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have an administrative appeal.  A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest.  See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison  grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).  Plaintiff had no federal constitutional right to a properly functioning appeal system.  An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of his right to due process. The descriptions of his efforts to pursue inmate appeals should not be repeated in the amended complaint, unless Plaintiff has properly alleged a constitutional violation.

Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.

Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint which complies with this order within thirty (30) days from the date of this order. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page. Failure to amend within the designated time will result in the dismissal of the complaint without prejudice. The Clerk shall provide Plaintiff with a copy of the Court's prisoner civil rights complaint form along with this order.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  10/16/08

THELTON E. HENDERSON
United States District Judge

8