IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM MURPHY,  No. C-08-2224 TEH (PR)

        Plaintiff,

    v.

MATTHEW CATE, et. al.,  ORDER OF SERVICE

        Defendants.
_____/

I

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights complaint under 42 U.S.C. section 1983 challenging his 2006 gang re-validation and resulting retention in administrative segregation in PBSP's Secure Housing Unit ("SHU") on the basis of his alleged continued association with the Mexican Mafia prison gang. Plaintiff claims that prison officials at PBSP and the California Department of Corrections and Rehabilitation ("CDCR") have re-validated and retained him in administrative segregation without a fair hearing and on the basis of evidence that is insufficient and unreliable. Plaintiff names as

defendants individual prison officials involved in his re-validation and retention in the SHU, as well as former wardens and directors and administrators of the CDCR on the theory that their failure to supervise, monitor or train their employees amounted to reckless or callous indifference to his right to due process.

## II

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. section 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

## III

The decision to place and retain a prisoner in administrative segregation must comport with procedural due process

2

only if the specific deprivation at play constitutes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's deprivation here – a prolonged term of segregation in the SHU – suggests sufficient severity to implicate procedural due process protection.

Assuming that this is the case, the Ninth Circuit has held that plaintiff was entitled to the following procedures before placement in the SHU: (1) an informal nonadversary hearing within a reasonable time after being segregated; (2) notice of the charges or the reasons segregation is being considered; and (3) an opportunity to present his views. See Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986). There also must be "some evidence" to support the decision to segregate plaintiff for administrative reasons, see id. at 1104-05 (citing Superintendent v. Hill, 472 U.S. 445, 455 (1985)), and the evidence relied upon must have "some indicia of reliability," see Madrid v. Gomez, 889 F. Supp. 1146, 1273-74 (N.D. Cal. 1995). In addition, due process requires that prison officials engage in some sort of periodic review of plaintiff's confinement in administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 477 n.9 (1983); Toussaint v. McCarthy, 801 F.2d at 1101. It is sufficient that prison officials review their decision to segregate plaintiff every 120 days, see Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir. 1990), but the review must amount to more than "meaningless gestures," Toussaint v. Rowland, 711 F. Supp. 536, 540 n.11 (N.D. Cal. 1989) (citing Toussaint v. McCarthy, 801 F.2d at

3

1102).  It may not be a "sham."  See <u>id.</u>  In view of the following, and when liberally construed, plaintiff's allegations challenging his re-validation and continued retention in administrative segregation in the SHU at PBSP state a cognizable claim under section 1983 for a denial of due process.

## IV

For the foregoing reasons and for good cause shown:

1.   The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the First Amended Complaint in this matter, all attachments thereto, and copies of this Order on:  PBSP Correctional Officer D. Mount, Institutional Gang Investigations Unit; PBSP Correctional Lieutenant K. Osbourne, Institutional Gang Investigations Unit; PBSP Associate Warden M. Castellan, Chairperson, PBSP Classification Committee; Captain V. Silva, PBSP Classification Committee; Correctional Officer K. Nealy, PBSP Classification Committee; Correctional Officer D. L. Speer, CDCR Office of Correctional Safety, Sacramento; Correctional Officer M. Ruff, CDCR Office of Correctional Safety, Sacramento; Correctional Officer Everrett W. Fischer, CDCR Office of Correctional Safety, Sacramento; Former CDCR Directors Matthew Cate and James Tilton; and PBSP Warden Robert Horel.  The Clerk also shall serve a copy of this Order on Plaintiff.

2.   In order to expedite the resolution of this case, the Court orders as follows:

    a.   No later than 90 days from the date of this

Order, Defendants shall file a Motion for Summary Judgment or other dispositive motion.  A Motion for Summary Judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

    b. Plaintiff's Opposition to the dispositive motion shall be filed with the Court and served upon Defendants no later than 30 days after Defendants serve Plaintiff with the motion.

    c. Plaintiff is advised that a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict

5

the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

   Plaintiff also is advised that a Motion to Dismiss for failure to exhaust administrative remedies under 42 U.S.C. section 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendants in their Motion to Dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

   d.   Defendants shall file a reply brief within 15 days of the date on which Plaintiff serves them with the opposition.

   e.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

   3.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

   4.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6

5.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED     05/14/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.08\Murphy-08-2224.order of service.wpd